UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DENISE RICHELLE HASSEL ) | CASE NO. 16-71065-BHL-13 |
| ) | |
| Plaintiff ) | |
| | |
| DENISE RICHELLE HASSEL ) | |
| Plaintiff ) | |
| ) | AP NO. 17-_____ |
| vs. ) | |
| ) | |
| FLAGSTAR BANK, FSB ) | |
| SERVE: HIGHEST EXECUTIVE ) | |
| OFFICE FOUND ) | |
| 5151 Corporate Drive ) | |
| Troy, MI 48098 ) | |
| ) | |
| Defendant ) | |

**COMPLAINT TO RECOVER MONEY OR PROPERTY**

Comes now Denise Richelle Hassel, Plaintiff, and for her Complaint against Flagstar Bank, FSB, states as follows:

1. She is the Debtor in the above-captioned Chapter 13 proceeding filed herein November 4, 2016. Plaintiff also filed a previous Chapter 13 in this Court on January 20, 2010 (Case no. 10-70076-BHL-13).

2. The defendant Flagstar Bank, FSB is a foreign corporation doing business as a subsidiary of Flagstar Bancorp, Inc. with a principal office located

at 5151 Corporate Drive, Troy, Michigan, 48098.  Flagstar Bank, FSB, is assignee of Mortgage Electronic Registration Systems, Inc., as nominee for H & H Financial Group LLC dba Life Mortgage Group and holds a first mortgage on Plaintiff's residence at 4303 Chadwick Road, Evansville, Indiana.  During Plaintiff's 2010 bankruptcy, between January 20, 2010 and October 15, 2015, Flagstar Bank, FSB serviced the mortgage.

 3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157.

 4. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(F) and is brought pursuant to BRFP 7003.

 5. Plaintiff received a discharge in Case no. 10-70076-BHL-13 on October 2015 (Doc. 133). During that proceeding Defendant Flagstar Bank, FSB received distribution through the Trustee conduit as payment on Plaintiff's residential mortgage, pursuant to its Proof of Claim (No. 11) and as reflected in the Trustee's Final Report and Accounting (Doc. 35). Plaintiff's 2010 case was closed December 4, 2015.

 6. After the closing of Plaintiff's 2010 bankruptcy, Defendant Flagstar Bank, FSB refused to accept any payments from Plaintiff and refused to communicate with her. Believing Plaintiff had abandoned her residence, despite

the presence of both indoor and outdoor furnishings, Defendant or its agents removed the following personal property from Plaintiff's residence in July, 2016:

26' x 4' above-ground pool with ladder, pump and vacuum and pool skimmer;
Small patio table;
5 Adirondack plastic chairs;
One 4-seater patio seat;
4 planter boxes;
2 square planter containers;
2 white metal benches;
2 coolers;
1 fire pit;
1 Wii system;
1 stereo system;
2 power strips;
1 lawnmower and
1 weedeater .

7. Defendant or its agents improperly willfully converted Plaintiff's property and intentionally exercised control over said property. In doing so, Plaintiff has been wrongfully deprived of personal property in which she had an immediate right of possession. Plaintiff estimates the fair-market value of said property at the time of its conversion was approximately $5,000.00.

8. Additionally, Defendant or its agents changed the locks on Plaintiff's residence and in doing so drilled Plaintiff's steel front door and door knob. The front storm door was damaged and hanging on its hinges, and the back door was damaged where it appeared to have been kicked in. Plaintiff expended

approximately $600.00 in repairing and replacing the doors and door frames and hardware.

9. None of Plaintiff's personal property inside the residence was taken, as once Defendant or its agents broke down the doors and gained entrance to the residence it became apparent that the property was still occupied.

10. Plaintiff has been damaged by the willful and intentional actions of Defendant.

WHEREFORE, Plaintiff Denise Richelle Hassel requests judgment against Defendant Flagstar Bank, FSB for an amount of money representing the replacement value of Plaintiff's property; for an amount of money reimbursing Plaintiff for materials and repairs to her property which was damaged by Defendant or its agents, for punitive damages in an amount to be determined by this Court, for Plaintiff's reasonable attorney fees, and for any and all other relief to which the Plaintiff may be entitled.

This 10th day of March, 2017

>/s/ William D. Nesmith
William D. Nesmith
DUNLAP & NESMITH, LLC
122 N. Saint Joseph Avenue
Evansville, IN  47712
Tel. (812) 402-9970
Fax (812) 402-9976
wnesmith@dunlapnesmith.com
*Counsel for Plaintiff*